1  ROBERT S. GIANELLI, #82116
   JOSHUA S. DAVIS #193187
2  ADRIAN J. BARRIO, #219266
   GIANELLI & MORRIS, A Law Corporation
3  550 South Hope Street, Suite 1645
   Los Angeles, CA 90071
4  Tel: (213) 489-1600; Fax: (213) 489-1611
   rob.gianelli@gmlawyers.com
5  joshua.davis@gmlawyers.com
   adrian.barrio@gmlawyers.com
6
   Attorneys for Plaintiff Cheri Poe, on behalf
7  of herself and all others similarly situated

8
   ZOE K. WILHELM (SBN 305932)
9  FAEGRE DRINKER BIDDLE & REATH LLP
   1800 Century Park East, Suite 1500
10 Los Angeles, California  90067-1517
   Telephone: (310) 203-4000; Fax:  (310) 229-1285
11 zoe.wilhelm@faegredrinker.com

12 Attorneys for Defendant
   THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY
13

14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17

18 CHERI POE, on behalf of herself and   )   CASE NO.: 8:21-cv-2065-PA-Ex
   all others similarly situated,          )
19                                         )
                                           )   [PROPOSED] STIPULATED
20                     Plaintiffs,         )   PROTECTIVE ORDER
                                           )
21 v.                                      )
                                           )
22                                         )
                                           )
23                                         )
   NORTHWESTERN MUTUAL LIFE               )
24 INSURANCE COMPANY,                      )
                                           )
25                                         )
                                           )
26                     Defendants.         )
                                           )
27                                         )
   _____
28

1         Subject to the approval of this Court, Plaintiff CHERI POE and Defendant

2    THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, by and

3    through their respective counsel of record, hereby stipulate to the following protective

4    order:

5            **1.    A.    PURPOSES AND LIMITATIONS**

6         Discovery in this action is likely to involve production of confidential,

7    proprietary, or private information for which special protection from public disclosure

8    and from use for any purpose other than prosecuting this litigation may be warranted.

9    Accordingly, the parties hereby stipulate to and petition the Court to enter the

10   following Stipulated Protective Order.  The parties acknowledge that this Order does

11   not confer blanket protections on all disclosures or responses to discovery and that the

12   protection it affords from public disclosure and use extends only to the limited

13   information or items that are entitled to confidential treatment under the applicable

14   legal principles.  The parties further acknowledge, as set forth in Paragraph 8, below,

15   that this Stipulated Protective Order does not entitle them to file confidential

16   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

17   followed and the standards that will be applied when a party seeks permission from

18   the Court to file material under seal.

19           **B.    GOOD CAUSE STATEMENT**

20        The parties acknowledge that information produced in discovery, regardless of

21   its designation under this Order, may contain personal and health information subject

22   to the protections of, *inter alia*, the Health Insurance Portability and Accountability

23   Act of 1996, the applicable requirements of the Standards for Privacy of Individually

24   Identifiable Health Information and its implementing regulations issued by the U.S.

25   Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy

26   Regulations), and California Civil Code §§ 56 *et seq*., and 1798.82 *et seq*., which

27   protect the confidentiality of individually-identifiable personal and health

28   information.  Discovery may also involve trade secrets, customer and pricing lists and

1    other valuable research, development, commercial, financial, technical and/or

2    proprietary information for which special protection from public disclosure and from

3    use for any purpose other than prosecution of this action is warranted.

4           Accordingly, to expedite the flow of information, to facilitate the prompt

5    resolution of disputes over confidentiality of discovery materials, to adequately

6    protect information the parties are entitled or required to keep confidential, to ensure

7    that the parties are permitted reasonably necessary uses of such material in

8    preparation for and in the conduct of trial, to address their handling at the end of the

9    litigation, and to serve the ends of justice, a protective order for such information is

10   justified in this matter.  It is the intent of the parties that information will not be

11   designated as confidential for tactical reasons and that nothing be so designated

12   without a good faith belief that it has been maintained in a confidential, non-public

13   manner, and there is good cause why it should not be part of the public record of this

14   case.

15          2.      A document constitutes or contains "Confidential Material" when it has

16   been given that designation by the party or nonparty producing it or by the party to

17   whom the information relates ("the Designating Party").  A party or nonparty may

18   designate documents or information as "Confidential Material" as follows:

19          a.      In the case of documents and information contained in

20   documents, designation must be made by placing the following legend on each page

21   of the document before production:

22                 **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

23          b.      In the case of discovery responses and information contained in

24   discovery responses, designation must be made by (i) placing a statement at the start

25   or end of the responses specifying that the responses, or part of the responses, are

26   designated Confidential Material, and (ii) placing the following legend on each page

27   (including the caption page) of any discovery response containing designated

28   Confidential Material:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

       c.      In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material must be made by the Designating Party by: (i) making a statement to that effect on the record in the course of the deposition or hearing; or (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing).  Once designated, the original and each copy of the transcript that contains Confidential Material must bear (or must be modified by counsel to bear) the following legend on its cover:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

       3.      For purposes of this Stipulated Protective Order, "Confidential Material" includes the following types of documents and information:

       a.      information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial  strategies  and confidential  competitive information that, if disclosed, could result in prejudice or harm to the disclosing  party;

       b.      non-public financial or business information;

       c.      information that is otherwise generally unavailable to the public;

       d.      policyholder-specific information, including private medical information.

       3.1     Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

       3.2     Nothing in this Stipulated Protective Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

4.  Confidential Material may be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever.  For the purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

a.  The parties to this action;

b.  The parties' attorneys and their respective employees;

c.  Any witness from whom testimony is taken or will be taken in this action, except that the witness may be shown copies of Confidential Material only during his or her testimony and in preparation for the testimony, and only to the extent relevant to the testimony.  The witness may not retain any Confidential Material;

d.  Consultants, experts, and investigators employed by the parties or their attorneys in the prosecution or defense of any aspect of this litigation;

e.  Court reporters used in connection with this action and their employees;

f.  The jury, if any, in the trial of this case; and

g.  The Court and its staff.

5.  No disclosure may be made to any person under Paragraphs 4(c), (d) or (e) until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A.  With respect to consultants, experts, and investigators employed by the parties to this litigation, Exhibit A must be fully executed by the consultant, expert, or investigator and retained by counsel for the party employing the consultant, expert, or investigator.  In the event that any consultant, expert, or investigator employed by the parties to this litigation ceases to be engaged in the preparation of this Action, access by such person to discovery material designated as Confidential shall be terminated.  Any such material in the possession of any such person shall be returned or destroyed.  The provisions of this Order and the

obligations not to disclose any portions of such material shall remain in full force and effect as to all such persons.

6.     All persons described in Paragraphs 4(a) through (f) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained from the Confidential Material, except as permitted by this stipulation.

7.     Nothing in this Stipulated Protective Order prevents the use of information that is publicly available.

8.     Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Confidential Material must be accompanied by an application to file the papers – or the confidential portion thereof – under seal in compliance with Local Rule 79-5. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9.     If any party or nonparty bound by this Stipulated Protective Order intends to disclose, discuss, or otherwise refer to any Confidential Material in open court at any hearing or trial, that person must notify the Court, the Designating Party, and all other parties to this action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Material until permitted by the Court.

10.     A party's inadvertent failure to designate disclosed materials as Confidential Material does not waive its right to do so and may be remedied by prompt written notice upon discovery of the error, in which case the material in question will be subject to the protections of this Order.

11.     The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not be deemed a waiver in whole or in part of any party's claims of confidentiality.  Moreover, where a Designating Party has inadvertently produced a document which the Designating Party later claims should not have been produced

5

because of privilege, the Designating Party may at any time require the return of any such document. A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a Designating Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Designating Party would have been entitled had the privileged document not inadvertently been produced. If a Designating Party requests the return, pursuant to this Paragraph, of any such document from another party, the party to whom the request is made shall within THIRTY (30) days return to the Designating Party all copies of the document within its possession, custody, or control, including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the Designating Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document.

12.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, nor shall an inadvertent disclosure of material protected by privilege or work product protection constitute a waiver of such privilege or protection.

13.    Notwithstanding anything to the contrary in this Stipulated Protective Order, any party may use the following documents or information without restriction, regardless of whether they have been designated as Confidential Material:

a.    its own documents or information;

b.    documents that the party has previously received or sent, including final versions of letters and emails listing the party as a recipient or sender; and

6

1          c.      documents or information developed or obtained independently of

2    discovery, including party and non-party discovery, in this action.

3          14.     This Stipulated Protective Order applies with equal force to any and all

4    copies, extracts, compilations, summaries, and oral recitation of Confidential

5    Material.

6          15.     Within sixty days of final termination of this action, or sooner if so

7    ordered by this Court, counsel for the party receiving any Confidential Material must

8    transmit all Confidential Material (including all copies) to counsel for the

9    Designating Party or destroy such material, and in either case must submit a written

10   certification to the Designating Party by the sixty day deadline that (a) identifies (by

11   category, where appropriate) all the Confidential Material that was transmitted or

12   destroyed and (b) affirms that the party receiving the Confidential Material has not

13   retained any copies, abstracts, compilations, summaries or any other format

14   reproducing or capturing any of the Protected Material.

15         16.     A party is not obligated to challenge the propriety of a confidentiality

16   designation at the time it is made.  Failure to do so does not preclude a subsequent

17   challenge to the designation; however, any challenge to the designation or disclosure

18   of confidential information must occur within the discovery period established by the

19   Court.  In the event of a dispute regarding the designation of confidential

20   information, the procedure for obtaining a decision from the Court is that set forth in

21   Local Rule 37.  The party challenging the designation (the "Challenging Party") shall

22   initiate the dispute resolution process under Local Rule 37-1, *et seq*.  Any discovery

23   motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2,

24   and 37-3.  The burden of persuasion in any such challenge proceeding shall be on the

25   Designating Party.  Frivolous challenges, and those made for an improper purpose

26   (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

27   expose the Challenging Party to sanctions.  Unless the Designating Party has waived

28   or withdrawn the confidentiality designation, all parties shall continue to afford the

7

1  material in question the level of protection to which it is entitled under the

2  designation until the Court rules on the challenge.

3      17.    Once a case proceeds to trial, all of the court-filed information that is to

4  be introduced and was previously designated as confidential and/or kept and

5  maintained pursuant to the terms of a protective order becomes public and will be

6  presumptively available to all members of the public, including the press, unless

7  compelling reasons supported by specific factual findings to proceed otherwise are

8  made to the district judge in advance of the trial.  *See, e.g., Hagestad v. Tragesser*, 49

9  F.3d 1430, 1434 (9th Cir. 1995); *San Jose Mercury News, Inc. v. U.S. District Court*

10  *- Northern District*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Kamakana v. City and*

11  *County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good

12  cause" showing for sealing documents produced in discovery and attached to non-

13  dispositive motions from "compelling reasons" standard when merits-related

14  documents are part of the judicial record).  Accordingly, the terms of this protective

15  order do not extend beyond the commencement of trial.

16      18.    If any Party has obtained Confidential Material under the terms of this

17  Stipulated Protective Order and receives a request to produce such Confidential

18  Material by subpoena or other compulsory process commanding the production of

19  such Confidential Material, the Party must promptly (within 2 business days) notify

20  the Designating Party via electronic mail and U.S. mail.  The notice shall identify the

21  Confidential Material sought, the date set for the production of such subpoenaed

22  information, and unless prohibited by applicable law, a copy of the subpoena or other

23  compulsory process so that the Designating Party, at its sole expense, may take such

24  action as it deems fit to control dissemination of the Confidential Material.  If an

25  application for a protective order is made promptly and before the return date, the

26  part shall not produce such Confidential Material prior to receiving the court order or

27  the consent of the Designating Party.  In the event that Confidential Material is

28

8

produced to a non-party to this Order, that material shall still be treated as Confidential Material by the parties to this Order.

19.     Nothing in this Stipulated Protective Order shall prevent a party from seeking modification of this Order.

20.     The terms of this Stipulated Protective Order shall survive and remain in effect after termination of this action.

**IT IS SO STIPULATED.**


DATED:  February 3, 2022          GIANELLI & MORRIS

                                  By:   /s/ Joshua S. Davis
                                        ROBERT S. GIANELLI
                                        JOSHUA S. DAVIS
                                        ADRIAN J. BARRIO
                                        Attorneys for Plaintiff,
                                        CHERI POE

DATED:  February 3, 2022          FAEGRE DRINKER BIDDLE & REATH
                                  LLP

                                  By:   /s/ ZOE K. WILHELM
                                        ZOE K. WILHELM
                                        Attorneys for Defendant,
                                        THE NORTHWESTERN MUTUAL LIFE
                                        INSURANCE COMPANY

                                  **Attestation**


I, Joshua S. Davis, attest that all other signatories listed, and on whose behalf this document is submitted, concur in the filing's content and have authorized the filing.


                                        /s/  Joshua S. Davis
                                        JOSHUA S. DAVIS

9

1    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3
     DATED:  2/4/22                          /S/ CHARLES F. EICK
4    _____
                                             Honorable Charles F. Eick
5                                            United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [**date**] in the case of *Poe v. Northwestern Mutual Life Insurance Company,* U.S. District Court Case No. 8:21-cv-2065-PA-Ex. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

1